UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| SIXTH ANGEL SHEPHERD RESCUE, | ) | 13-CV-2098 |
| INC., et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES SCHILERO, et al, | ) | Philadelphia, PA |
| | ) | July 9, 2013 |
| Defendants. | ) | 10:32 a.m. |


TRANSCRIPT OF HEARING
BEFORE THE HONORABLE RONALD L. BUCKWALTER
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:          TERRY E. SILVA, ESQUIRE
                             SILVA LEGAL PROFESSIONALS, P.C.
                             15A West Tenth Street
                             Marcus Hook, PA  19061


For the Defendants:          MICHAEL P. LAFFEY, ESQUIRE
James Schilero               HOLSTEN & ASSOCIATES
George Windsor               One South Olive Street
Borough of Marcus Hook       Media, PA  19063


Audio Operator:              MATTHEW HIGGINS


Transcribed by:              DIANA DOMAN TRANSCRIBING
                             P.O. Box 129
                             Gibbsboro, NJ  08026-0129
                             Office:  (856) 435-7172
                             Fax:     (856) 435-7124
                             E-mail:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

Colloquy                                2

1        (The following was heard in open Court at 10:32 a.m.)

2              THE COURT:  Please be seated.

3              ALL COUNSEL:  Good morning, Your Honor.

4              THE COURT:  Now, we're here to discuss the motion

5    that's been dismissed.  And, before getting into that, is the

6    -- the State proceedings, what's the status of them at this

7    point?

8              MS. SILVA:  The are pending for Friday morning.

9              THE COURT:  For Friday morning?

10             MS. SILVA:  Uh-huh.

11             THE COURT:  And, what's going to happen Friday

12   morning?  Is this a -- is this a summary offense before a --

13             MS. SILVA:  Yes.

14             THE COURT:  -- what do they call them, a Magistrate?

15             MS. SILVA:  Yes, Your Honor.

16             MR. LAFFEY:  Yes, Your Honor.

17             MS. SILVA:  It's in front of District Court 32-136

18   who was the Magistrate who issued the administrative warrant

19   in the first instance.  I'm sure Your Honor is aware of the

20   issue, so I won't --

21             THE COURT:  Yeah, you'll have a hearing there.  Do

22   you anticipate having a hearing before -- or, at least it's

23   scheduled for this Friday?

24             MS. SILVA:  It's scheduled for Friday.

25             THE COURT:  And, he will make, presumably some kind

Colloquy                                    3

1    of decision?

2            MS. SILVA:  If it goes forward on Friday, yes, Your

3    Honor.

4            THE COURT:  If it -- is there an ability of both

5    sides to appeal that decision?  I'm asking you that because I

6    don't -- I'm not sure that I know the status of the procedure

7    in Pennsylvania.

8            MR. LAFFEY:  Mike Laffey, Your Honor.  The plaintiff

9    could appeal if convicted.

10           THE COURT:  The plaintiff can appeal?

11           MR. LAFFEY:  Yes, Your Honor.

12           THE COURT:  And, that would go to the Court of

13   Common Pleas?

14           MR. LAFFEY:  Absolutely.

15           THE COURT:  Okay.

16           MS. SILVA:  And atypically, though, it's a --

17           THE COURT:  Excuse me, ma'am.  I'm sorry.  I forgot

18   to put in my hearing aid today, so --

19           MS. SILVA:  No problem, Your Honor.

20           THE COURT:  I should -- I should have gotten it.

21           MS. SILVA:  They atypically, though, there is not a

22   suppression hearing or an opportunity to obtain Brady

23   materials or the identity of a confidential informant.  All of

24   those items are key to a fair proceeding.  Plaintiff's

25   position is the actual bringing and the maintenance of the

Colloquy                                    4

1   proceeding is in bad faith, is retaliatory, and that's why the

2   action was filed currently.

3           THE COURT:  Now, would you respond to that?  I'm

4   trying to understand the procedure in Pennsylvania.  It's been

5   awhile since I've been there.

6           MR. LAFFEY:  Yes, Your Honor.  The plaintiff is

7   contending that she does not have an opportunity to move to

8   dismiss the charges in front of the Magisterial District

9   Justice.  And, her basis for that argument is that under the

10  Rules of Criminal Procedure, under motions in proceedings

11  before District Justices --

12          THE COURT:  Yeah.

13          MR. LAFFEY:  -- it says reserved.  The plaintiff is

14  interpreting that as she is barred from raising any type of

15  motion to dismiss before the Magisterial District Justice.

16          The defendants contend otherwise.  And, obviously,

17  the defendants would also contend that even if the

18  Magisterial District Justice said, well, I'm not going to

19  entertain any such motions, and, if, in fact, it resulted in a

20  conviction, then certainly the plaintiffs can bring it up on

21  summary conviction appeal, at which point they would be free

22  to file any motions that they wanted.

23          THE COURT:  Yeah, but I think -- do you agree with

24  that as to --

25          MS. SILVA:  I --

Colloquy                                                     5

1          THE COURT:  I'm talking just about the procedural

2     aspects of this.

3          MS. SILVA:  There is a Magistrate's hearing.  This

4     Magistrate is not an attorney.  He has an opportunity to

5     suppress the warrant he issued, but my expectation is that's

6     less than the due process that typically would be involved.

7          It could be brought up.  It's not typically brought

8     up by a  motion.  My attorney in the criminal proceedings is

9     here.  He was a District Attorney in Delaware County for nine

10    years.  And, they are not usually brought up at the

11    Magisterial level.  So, there being a lack of procedure, once

12    the evidence is out -- particularly since a fair amount of the

13    materials are attorney/client privileged -- once the evidence

14    is out, it -- whether there is a suppression hearing later

15    before someone who's an attorney or a Judge, and who didn't

16    issue the original warrant in the first place, based on a

17    confidential informant, it's really too --

18         THE COURT:  Well, of course, that's even better in a

19    sense that it's heard by a common pleas Judge who didn't issue

20    the warrant.

21         MS. SILVA:  And --

22         THE COURT:  He can make -- he can take a fresh look

23    at the facts and determine whether indeed there was a basis

24    for it.

25         As you can gather by my questioning, my big concern

1    here is the role of our Court at this stage of the

2    proceedings.  I think it's possible, but I wouldn't guarantee

3    if it's possible, we'll have the stage later maybe.  But now,

4    it seems to me it ought to proceed through the State Court and

5    see what happens there --

6              MS. SILVA:  Well --

7              THE COURT:  -- rather than have -- because we could

8    in effect -- I could in effect be making a decision that is

9    directly contrary to what they make down there, and that's --

10   that's what we seek to avoid in cases like this.

11             MS. SILVA:  The --

12             THE COURT:  So, that having been said, I'm leaning

13   toward simply -- there is another issue out here, as well as

14   the length of your complaint is, in my judgment, it's totally

15   too long in accordance with the Rules of Pleading.  They -- it

16   ought to be a short, specific statement.  You know what Rule 8

17   says about that.  And, your complaint is a mammoth thing, it's

18   too long.  That doesn't mean that somewhere in there there

19   might not be some merit.  I'm not making any judgment on the

20   merits.

21             But, what I'm proposing is that we suspend -- not --

22   put this matter in suspense until the termination of the State

23   proceedings.  And, that we not -- and, then I would rule on

24   the motions that are outstanding.

25             MS. SILVA:  Might I, however, advocate our position

Colloquy                                                              7

1   on staying the State Court proceedings?

2                   THE COURT:   Excuse me?

3                   MS. SILVA:   Might I have the opportunity to advocate

4   our position concerning the --

5                   THE COURT:   Yes, stand up.   Maybe if you stand up

6   here, I can --

7                   MS. SILVA:   Certainly, Judge.

8                   THE COURT:   I can hear you better.   Now, what was --

9   what were you asking for?

10                  MS. SILVA:   Yes.   In part, Your Honor, we, the

11  plaintiffs are asking, two of the plaintiffs who have charges

12  pending against them, including yours truly, is -- are asking

13  for a stay of the State Court proceedings, because the

14  evidence clearly shows that the warrants were obtained by

15  fraud.

16                  And, since there are pending litigation matters

17  where myself, as counsel, has a suit pending with Judge

18  Schiller against the SPCA and the specific defendants who were

19  in my office reading my files against them, as well as has

20  litigation pending against Marcus Hook and Mr. Schilero in

21  State Court over Constitutional claims, my question and my

22  request is I think we fit within the exceptions to Younger or

23  simply the inapplicability --

24                  THE COURT:   Well, I'm not going to -- I should tell

25  you right now, I'm not going to abstain from -- I'm not going

Colloquy                                        8

1  to dismiss this on that basis, but I am -- I do think that

2  it's a more orderly procedure to go through the State and see

3  what happens.  And then -- and then at that point, if

4  necessary, there's the Federal proceedings here that you've

5  already filed.

6          MS. SILVA:  And, I appreciate the Court's not

7  abstaining.

8          THE COURT:  Yeah.  I don't, I mean --

9          MS. SILVA:  I recognize the --

10         THE COURT:  Now, when I say --

11         MS. SILVA:  -- Constitutional questions --

12         THE COURT:  They could still argue abstention later

13  on.  And my preliminary feeling is, and this is preliminary,

14  that I would not abstain from this.  But, I have to see how

15  the State Court, what develops there.

16         MS. SILVA:  And, if there --

17         THE COURT:  And, that might have some bearing on --

18  that might have some bearing on the abstention issue, but I --

19  the bottom line in my analysis is that I still think it ought

20  to go that route.  And then, you know, you're going to be

21  protected; you have your appeal rights there, and you're going

22  to be protected.  And, if you get to the Common Pleas Court,

23  they will give you a fair hearing there.

24         And, if indeed, you're still -- feel in some way

25  that your rights have been violated, there's still this suit,

1  which I'm not going to dismiss, other than I might dismiss it

2  with leave to file an amended complaint in accordance with the

3  Rules of Civil Procedure, which calls for a short statement.

4          And, in addition to that, the way we would file this

5  amended complaint, which I would give you leave to file after

6  the State Court proceedings, if necessary, then we'll have

7  another factor in there; i.e., you might have a fact that

8  you've won the State proceedings, or you haven't, and then

9  we're -- but then we know where we're standing with regard to

10 that.

11         MS. SILVA:  Okay.  Your Honor, in my -- the

12 plaintiff's initial motion for injunctive relief to stay the

13 State Court proceedings, we attached the affidavits of the

14 individuals that were allegedly involved, both in obtaining

15 the administrative warrant, and in obtaining the SPCA warrants

16 --

17         THE COURT:  Yeah.

18         MS. SILVA:  -- and they didn't say those things, and

19 they didn't do those things.  So, it seems to me that the

20 processing of the State proceeding itself is one of, if not a

21 major Constitutional violation that I am --

22         THE COURT:  No, no, because you have every -- you're

23 protected there.  I mean, I know you've got to think that you

24 have a chance at the Magistrate level, and that could well be

25 true.  But, at the Court of Common Pleas level, you have a

Colloquy                                          10

1    chance to raise these issues and get into those matters.

2            I mean, I sat for ten years as a Common Pleas judge,

3    and probably did more suppression hearings and more warrants

4    than anybody down here ever does, but it's been 25 years since

5    I've done that.

6            MS. SILVA:  It's like yesterday, Your Honor --

7            THE COURT:  It's behind me.

8            MS. SILVA:  -- that's right.

9            THE COURT:  But, that aside, I honestly -- and, I've

10   given a lot of thought to this because it's, you know, I've

11   read your complaint and everything and I've given thought to

12   it, and to do what's fair.  And, I do think that, though,

13   going through that route is a better way to do it.  And it

14   also -- it also, seems to me, is somewhat in compliance that

15   what we, as a Federal Judge, the deference we should give to

16   State proceedings, at least at some point.  And, I think at

17   this point that's the way to go.

18           So, I want to give the defense counsel here an

19   opportunity to respond to some of the comments, if you wish

20   to, that she has made about anything.  Is there anything you

21   wish to say?  Maybe you don't want to say anything, but you're

22   certainly --

23           MR. LAFFEY:  Just very briefly, Your Honor.  The

24   arguments that were being made as to why this case should

25   proceed in Federal Court was that the warrants were obtained

                              Colloquy                         11

1   via fraud --

2              THE COURT:  Yeah.

3              MR. LAFFEY:  -- those are the same arguments that

4   she can make in the Court of Common Pleas.

5              THE COURT:  Absolutely, absolutely she can.

6              MR. LAFFEY:  That's all I have, Judge.

7              THE COURT:  She can make those arguments, and that's

8   why I think it's -- she has protection there, and so --

9              MS. SILVA:  If I might?

10             THE COURT:  You may.

11             MS. SILVA:  The suggested procedure by the

12  defendants that the plaintiffs undertake for a suppression,

13  if, in fact, at the Magisterial level there is an inadequate

14  suppression hearing, is a motion in equity, which we did

15  attempt to file a motion in equity --

16             THE COURT:  A motion in equity?

17             MS. SILVA:  -- which was summarily dismissed.  But,

18  it would shift the burden to the plaintiffs to --

19             THE COURT:  No, but I don't know if that's what --

20             MS. SILVA:  -- rather than having a --

21             THE COURT:  Yeah, well --

22             MS. SILVA:  -- as the Court is aware, the --

23             THE COURT:  I know, but off the top of my head, the

24  motion in equity sounds a little strange, but I didn't see it

25  so I won't comment on it.

Colloquy                                     12

1            But, that aside, I think what I'm going to do is, as

2      we suggested here, I'm going to -- I'll probably enter an

3      order dismissing without prejudice the matter before me with

4      leave to file an amended complaint in accordance with the

5      Rules of Civil Procedure after the termination of the State

6      proceedings.

7            So, you're not being -- you're still in Court here.

8      You're not being thrown out of Court.  You're in Court, and

9      we'll see how it goes from there.

10           Thank you everybody for coming today.

11           ALL COUNSEL:  Thank you, Your Honor.

12        (Proceedings concluded at 10:44 a.m.)

13                            * * *

**C E R T I F I C A T I O N**

       I, Carol Gillardon, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____     November 22, 2013

CAROL GILLARDON

DIANA DOMAN TRANSCRIBING